UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRIAN A. FOGARTY, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Removed from the Circuit Court of |
| | ) | Cook County (Case No. 2015L007365) |
| CITGO PETROLEUM CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF REMOVAL

CITGO Petroleum Corporation ("CITGO") by its attorneys, hereby remove the above-captioned action currently pending in the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. The grounds for removal are as follows:

1. On July 24, 2015 CITGO was served with the Complaint (**Exhibit A**) of Brian A. Fogarty, Sr. ("Plaintiff"), currently pending in the Circuit Court of Cook County, Illinois as Case No. 2015L007365, and in which he alleges that he was injured at a CITGO facility located in Lemont, Illinois.

2. Therefore, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within third (30) days after service upon CITGO, and within one year of the commencement of this action.

3. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending."

4. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this action by reason of diversity of citizenship and an amount in controversy that exceeds the sum or value of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

5. At the time this Notice of Removal was filed, no other pleadings or orders have been served in this matter, and CITGO is the only defendant. *See* 28 U.S.C. § 1446(a).

6. Plaintiff resides in Chicago, Illinois, and was a resident of Chicago, Illinois at the time of the incident alleged. (**Exhibit A**, ¶ 3).

7. Accordingly, Plaintiff is a citizen of the State of Illinois for diversity purposes pursuant to 28 U.S.C. § 1332.

8. CITGO asks the Court to take judicial notice of the Illinois Secretary of State Corporation Detail Report attached hereto as **Exhibit B**, which states that at the time this action was filed, CITGO was a Delaware Corporation and its principal place of business is in Houston, Texas; **Exhibit B** also states that CITGO was a foreign entity.

9. Therefore, CITGO is not a citizen of the State of Illinois for diversity purposes pursuant to 28 U.S.C. § 1332.

10. Plaintiff alleges that while working on the premises owned and/or controlled by CITGO, Mr. Fogarty "sustained injuries of a personal and pecuniary nature." (**Exhibit A**, ¶ 15).

11. Plaintiff has also filed an Affidavit of Damages stating that "the total amount of money damages sought in this matter exceeds $50,000.00." (**Exhibit A**).

12. Therefore, from the face of Plaintiff's Complaint, the amount in controversy in this action exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

13. Moreover, on August 7, 2015, counsel for CITGO sent a letter to Plaintiff's counsel by Certified Mail and E-Mail (attached hereto as **Exhibit C**) requesting a stipulation that

Plaintiff does not seek total damages and attorney's fees in excess of $75,000, exclusive of costs and interest; otherwise, CITGO would properly assume that Plaintiff does in fact seek damages in excess of $75,000 and agrees that removal to this Court is appropriate.

14. As of the date of this Notice, Plaintiff has not provided a stipulation regarding the amount in controversy in this action pursuant to the requests of to CITGO.

15. The Seventh Circuit has routinely held that where, as here, a plaintiff does not stipulate to damages of $75,000 or less, removal is proper because "the inference arises that he thinks his claim may be worth more" than the jurisdictional threshold. *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006) (same, citing *Workman*); *see also Epstein v. Target Corp.*, No. 06 C 7035, 2007 WL 551552 at *2 (N.D. Ill. Feb. 15, 2007) (removal proper where plaintiff refused to stipulate damages were below the jurisdictional threshold); *Choudary v. P&G-Clariol, Inc.*, No. 07 C 6966, 2008 WL 4779137 at *2 (N.D. Ill. Oct. 22, 2008) (same).

16. Therefore, Plaintiff's refusal to stipulate that his damages are below the jurisdictional threshold provides additional evidence that the amount in controversy in this action exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

17. Pursuant to 28 U.S.C. §§ 1446(a) and 1441(a), this Notice of Removal is being filed in the United States District Court for the Northern District of Illinois, Eastern Division, which is the district and division within which Plaintiff's original state action is pending, and the district and division in which Plaintiff alleges his injuries were incurred.

18. Attached hereto as **Exhibit D** is a copy of the Notice of Removal to All Adverse Parties, which will be promptly served upon Plaintiff's counsel and filed with the Clerk of the

Court of the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1446(d).

19. Attached hereto as **Exhibit E** is a copy of the Notice of Removal to Circuit Court Clerk, which will be promptly filed with the Circuit Court of Cook County, Illinois and served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

20. Pursuant to § 1016 of the Judicial Improvements and Access to Justice Act of 1988 (the "Act"), no bond is required in connection with this Notice of Removal. Pursuant to § 1016 of the Act, this Notice need not be verified.

WHEREFORE, this action should proceed in the United States District Court for the Northern District of Illinois, Eastern Division, as an action properly removed thereto.

Dated: August 20, 2015

Respectfully submitted,

By: /s/ Jonathan M. Wier
Scott C. Solberg
James W. Joseph
Jonathan M. Wier
EIMER STAHL LLP
224 S. Michigan Ave., Suite 1100
Chicago, IL 60604
Email: ssolberg@eimerstahl.com
jjoseph@eimerstahl.com
jwier@eimerstahl.com

*Attorneys for CITGO Petroleum Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2015, I electronically filed the Notice of Removal with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties registered for ECF service.

Dated: August 20, 2015

Respectfully submitted,

By: /s/ Jonathan M. Wier

Scott C. Solberg
James W. Joseph
Jonathan M. Wier
EIMER STAHL LLP
224 S. Michigan Ave., Suite 1100
Chicago, IL 60604
Email: ssolberg@eimerstahl.com
jjoseph@eimerstahl.com
jwier@eimerstahl.com

*Attorneys for CITGO Petroleum Corporation*