UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRIAN A. FOGARTY, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    15-CV-07299 |
| | ) | Honorable Sara L. Ellis |
| CITGO PETROLEUM CORPORATION; | ) | |
| GM SAFTEY; | ) | |
| TOTAL SAFETY; | ) | |
| PRAXAIR DISTRIBUTION, INC., | ) | |
| | ) | |
| Defendants. | ) | |

AMENDED COMPLAINT AT LAW

COUNT I

Negligence – Trip & Fall Over partially Buried Pipe – Personal Injury - CITGO

Plaintiff, BRIAN A. FOGARTY, SR., complaining of defendant, CITGO PETROLEUM CORPORATION (hereinafter referred to as "CITGO"), states:

1.      On November 10, 2014 and at all times relevant, CITGO owned, operated, managed, maintained and controlled a certain refinery facility in Lemont, Will County, Illinois.

2.      On and before November 10, 2014, Turner Industries was performing work at the aforesaid CITGO refinery facility.

3.      At all times relevant, BRIAN A. FOGARTY, SR., was a resident of Chicago, Cook County, Illinois.

4.      At said time and place, BRIAN A. FOGARTY, SR., was an invitee at the aforesaid CITGO refinery facility performing work as an insulator.

5.      At all times relevant, there was a gravel roadway or access way at the aforesaid CITGO facility in the area where BRIAN A. FOGARTY, SR., was assigned to work.

6. At all times relevant there was a walking path alongside said gravel roadway or access way which workers would walk on to get to and from the work area.

7. At all times relevant there was a metal pipe buried under the aforesaid gravel roadway or access way.

8. On and before November 10, 2014, part of the aforesaid pipe was partially exposed and unmarked on the side of the gravel roadway or access way and in the walking path where the workers walked to get to and from their work area.

9. At said time and place, the exposed pipe created a tripping hazard.

10. On November 10, 2014, BRIAN A. FOGARTY, SR., tripped over said exposed portion of pipe as he was walking on the walking path carrying work materials to his work area.

11. At said time and place, as a result of his fall, BRIAN A. FOGARTY, SR., sustained injury.

12. At all times relevant, CITGO knew or should have known the exposed pipe was present and unmarked.

13. At all times relevant, CITGO knew or should have known that workers would likely not notice the unmarked pipe and therefore not be able to protect themselves from the hazard.

14. On and before November 10, 2014, CITGO was negligent in one or more of the following ways:

      a. Failed to provide plaintiff with a safe place to work.

      b. Caused or allowed the pipe to be installed in such a way that one end of it was exposed in the walking path of workers in its refinery.

      c. Failed to remove or have the pipe removed.

      d.      Failed to properly bury or cause the pipe to be properly and fully buried.

      e.      Failed to mark or have the pipe marked so as to make it more visible for safety.

      f.      Failed to warn plaintiff of the presence of the unmarked pipe.

      g.      Failed to adequately and sufficiently inspect its facility so as to be aware of work hazards present for workers at its refinery facility.

15.     As a proximate result of one or more of these negligent acts or omissions, plaintiff sustained injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, BRIAN A. FOGARTY, SR., demands judgment against defendant, CITGO PETROLEUM CORPORATION, for a sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois.

## COUNT II

**Negligence – Trip & Fall Over partially Buried Pipe – Personal Injury - GM Safety**

Plaintiff, BRIAN A. FOGARTY, SR., complaining of defendant, GM SAFETY, states:

1.     On November 10, 2014 and at all times relevant, CITGO owned, operated, managed, maintained and controlled a certain refinery facility in Lemont, Will County, Illinois.

2.     On and before November 10, 2014, Turner Industries was performing work at the aforesaid CITGO refinery facility.

3.     At all times relevant, BRIAN A. FOGARTY, SR., was a resident of Chicago, Cook County, Illinois.

4.     At said time and place, BRIAN A. FOGARTY, SR., was an invitee at the aforesaid CITGO refinery facility performing work as an insulator.

5.     At all times relevant, there was a gravel roadway or access way at the aforesaid CITGO facility in the area where BRIAN A. FOGARTY, SR., was assigned to work.

6.     At all times relevant there was a walking path alongside said gravel roadway or access way which workers would walk on to get to and from the work area.

7.     At all times relevant there was a metal pipe buried under the aforesaid gravel roadway or access way.

8.     On and before November 10, 2014, part of the aforesaid pipe was partially exposed and unmarked on the side of the gravel roadway or access way and in the walking path where the workers walked to get to and from their work area.

9.     At said time and place, the exposed pipe created a tripping hazard.

10.    On November 10, 2014, BRIAN A. FOGARTY, SR., tripped over said exposed portion of pipe as he was walking on the walking path carrying work materials to his work area.

11.    At said time and place, as a result of his fall, BRIAN A. FOGARTY, SR., sustained injury.

12.    At all times relevant, GM SAFETY knew or should have known the exposed pipe was present and unmarked.

13.    At all times relevant, GM SAFETY knew or should have known that workers would likely not notice the unmarked pipe and therefore not be able to protect themselves from the hazard.

14.    On and before November 10, 2014, GM SAFETY was negligent in one or more of the following ways:

  a. Caused or allowed the safety barricades and warnings at the exposed end of the pipe to be removed.

4

    b. Failed to place or replace safety barricades and warnings at the exposed end of the pipe.

    c. Failed to coordinate its work with CITGO.

    d. Failed to coordinate its work with Turner.

    e. Failed to remove or have the pipe removed.

    f. Failed to mark or have the pipe marked so as to make it more visible for safety.

    g. Failed to warn plaintiff of the presence of the unmarked pipe.

    h. Failed to adequately and sufficiently inspect the work so as to be aware of work hazards it caused or allowed to be present.

15. As a proximate result of one or more of these negligent acts or omissions, plaintiff sustained injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, BRIAN A. FOGARTY, SR., demands judgment against defendant, GM SAFETY, for a sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois.

## COUNT III

**Negligence – Trip & Fall Over partially Buried Pipe – Personal Injury - Total Safety**

Plaintiff, BRIAN A. FOGARTY, SR., complaining of defendant, TOTAL SAFETY, states:

1. On November 10, 2014 and at all times relevant, CITGO owned, operated, managed, maintained and controlled a certain refinery facility in Lemont, Will County, Illinois.

2. On and before November 10, 2014, Turner Industries was performing work at the aforesaid CITGO refinery facility.

3. At all times relevant, BRIAN A. FOGARTY, SR., was a resident of Chicago, Cook County, Illinois.

4.     At said time and place, BRIAN A. FOGARTY, SR., was an invitee at the aforesaid CITGO refinery facility performing work as an insulator.

5.     At all times relevant, there was a gravel roadway or access way at the aforesaid CITGO facility in the area where BRIAN A. FOGARTY, SR., was assigned to work.

6.     At all times relevant there was a walking path alongside said gravel roadway or access way which workers would walk on to get to and from the work area.

7.     At all times relevant there was a metal pipe buried under the aforesaid gravel roadway or access way.

8.     On and before November 10, 2014, part of the aforesaid pipe was partially exposed and unmarked on the side of the gravel roadway or access way and in the walking path where the workers walked to get to and from their work area.

9.     At said time and place, the exposed pipe created a tripping hazard.

10.    On November 10, 2014, BRIAN A. FOGARTY, SR., tripped over said exposed portion of pipe as he was walking on the walking path carrying work materials to his work area.

11.    At said time and place, as a result of his fall, BRIAN A. FOGARTY, SR., sustained injury.

12.    At all times relevant, TOTAL SAFETY knew or should have known the exposed pipe was present and unmarked.

13.    At all times relevant, TOTAL SAFETY knew or should have known that workers would likely not notice the unmarked pipe and therefore not be able to protect themselves from the hazard.

14.    On and before November 10, 2014, TOTAL SAFETY was negligent in one or more of the following ways:

6

a. Caused or allowed the safety barricades and warnings at the exposed end of the pipe to be removed.

b. Failed to place or replace safety barricades and warnings at the exposed end of the pipe.

c. Failed to coordinate its work with CITGO.

d. Failed to coordinate its work with Turner.

e. Failed to remove or have the pipe removed.

f. Failed to mark or have the pipe marked so as to make it more visible for safety.

g. Failed to warn plaintiff of the presence of the unmarked pipe.

h. Failed to adequately and sufficiently inspect the work so as to be aware of work hazards it caused or allowed to be present.

15.     As a proximate result of one or more of these negligent acts or omissions, plaintiff sustained injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, BRIAN A. FOGARTY, SR., demands judgment against defendant, TOTAL SAFETY, for a sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois.

**COUNT IV**

**Negligence – Trip & Fall Over partially Buried Pipe – Personal Injury - Praxair**

Plaintiff, BRIAN A. FOGARTY, SR., complaining of defendant, PRAXAIR DISTRIBUTION, INC. (hereinafter referred to as "PRAXAIR"), states:

1.     On November 10, 2014 and at all times relevant, CITGO owned, operated, managed, maintained and controlled a certain refinery facility in Lemont, Will County, Illinois.

2.     On and before November 10, 2014, Turner Industries was performing work at the aforesaid CITGO refinery facility.

3.     At all times relevant, BRIAN A. FOGARTY, SR., was a resident of Chicago, Cook County, Illinois.

4.     At said time and place, BRIAN A. FOGARTY, SR., was an invitee at the aforesaid CITGO refinery facility performing work as an insulator.

5.     At all times relevant, there was a gravel roadway or access way at the aforesaid CITGO facility in the area where BRIAN A. FOGARTY, SR., was assigned to work.

6.     At all times relevant there was a walking path alongside said gravel roadway or access way which workers would walk on to get to and from the work area.

7.     At all times relevant there was a metal pipe buried under the aforesaid gravel roadway or access way.

8.     On and before November 10, 2014, part of the aforesaid pipe was partially exposed and unmarked on the side of the gravel roadway or access way and in the walking path where the workers walked to get to and from their work area.

9.     At said time and place, the exposed pipe created a tripping hazard.

10.     On November 10, 2014, BRIAN A. FOGARTY, SR., tripped over said exposed portion of pipe as he was walking on the walking path carrying work materials to his work area.

11.     At said time and place, as a result of his fall, BRIAN A. FOGARTY, SR., sustained injury.

12.     At all times relevant, PRAXAIR knew or should have known the exposed pipe was present and unmarked.

13.     At all times relevant, PRAXAIR knew or should have known that workers would likely not notice the unmarked pipe and therefore not be able to protect themselves from the hazard.

8

14.     On and before November 10, 2014, PRAXAIR was negligent in one or more of the following ways:

    a.  Caused or allowed the safety barricades and warnings at the exposed end of the pipe to be removed.

    b.  Failed to place or replace safety barricades and warnings at the exposed end of the pipe.

    c.  Failed to coordinate its work with CITGO.

    d.  Failed to coordinate its work with Turner.

    e.  Failed to remove or have the pipe removed.

    f.  Failed to mark or have the pipe marked so as to make it more visible for safety.

    g.  Failed to warn plaintiff of the presence of the unmarked pipe.

    h.  Failed to adequately and sufficiently inspect the work so as to be aware of work hazards it caused or allowed to be present.

15.     As a proximate result of one or more of these negligent acts or omissions, plaintiff sustained injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, BRIAN A. FOGARTY, SR., demands judgment against defendant, PRAXAIR DISTRIBUTION, INC., for a sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois.

Respectfully Submitted,

s/David C. Wise
David C. Wise #06217063
Burke Wise Morrissey & Kaveny
Attorneys for Plaintiff
161 North Clark Street
Suite 3250
Chicago, Illinois  60601
(312) 580-2040
(312) 580-2041
dcw@bwmklaw.com; as@bwmklaw.com

9